## IN RE DAY.

HIGHWAYS—ROADS IN SUSSEX COUNTY MAY BE WIDENED BY COMMISSIONERS APPOINTED BY RESIDENT ASSOCIATE JUDGE; "WIDEN."

The statute prescribing the width of 30 feet for public roads in Sussex county must be read in connection with the 1911 enactment, giving the resident associate judge authority to widen public roads (*Rev. Code* 1915, *sec.* 1602), so that under these statutes the judge has authority to appoint commissioners to widen a public road in Sussex county from 30 to 40 feet; "widen," in its ordinary sense, meaning to increase in width, to extend.

(*November* 1, 1919.)

Before CONRAD, J., at chambers, Sussex County.

*Daniel J. Layton, Jr.,* for petitioner.

*James M. Tunnell* for Levy Court.

Petition by Frank H. Day for rule to show cause why the return of the commissioners appointed by the resident associate judge of Sussex county, under *Rev. Code* 1915, § 1602, to widen a public road through the lands of the petitioner from thirty to forty feet, should not be confirmed. Rule discharged, petition dismissed, and the return of the commissioners confirmed.

CONRAD, J.:—The petitioner contends that there is no authority in law for the widening of a public road in Sussex county beyond thirty feet and that the action of the resident judge in appointing a commission to widen the public road from Georgetown to Cokesbury Church, with instructions to widen the same to forty feet, was contrary to law, and, therefore, *ultra vires.*

The first enactment touching the laying out of public roads in Sussex county is found in *volume* 1 of the *Laws of Delaware* and fixes the width of public roads at thirty feet, and that width of road has been maintained in all the intervening years, the codification of the laws in 1829, 1852, 1893, and 1915, all stating that in Sussex county "all public roads hereafter laid out shall be thirty feet wide."

As early as 1829 a general law was passed giving to the Court of General Sessions jurisdiction to lay out public roads and bridges throughout the State, and to change and vacate the same.

In 1911 concurrent jurisdiction was given to the resident associate judge within each county to lay out public roads and bridges and to *widen*, change or vacate the same. For the first time the word "widen" is used, in other regards the statute being a virtual repetition or reenactment of the law passed in 1829.

To my mind the insertion of the word "widen" is significant. It was evidently inserted for a purpose. It must in reason be interpreted to mean something. The width of public roads to be laid out in the three counties had been fixed by express statutes for more than a century. Here is a word that used in its ordinary sense means, to increase in width, to extend, and upon what was it to operate? The public roads of the county. If the fixing of the width of a public road when laid out at thirty feet was to establish it unalterably at that width, then why give the resident judge authority to widen what could not be widened? This view of the matter would seem to be unreasonable. Theretofore, full authority to change and alter had been given, why then insert the word "widen" unless the legislative intent was to give more latitude to the judge, a greater discretion in the conduct and management of the public roads?

The law seems to settle beyond question that all public roads laid out in Sussex county shall be thirty feet wide, i. e., roads laid out shall not be less than thirty feet, and this provision was no doubt founded on public policy, that a road of lesser width than thirty feet would not accommodate the public traffic, and does the simple enactment "shall be thirty feet wide" preclude the idea that "thirty feet" was merely the least width at which the road shall be laid out, and leave open the question for a later day as to an increase in width that time and circumstances might suggest?

And further, does not the enactment of 1911, wherein the resident judge is given authority to *widen* public roads convey the reasonable and convincing impression that while a road must be laid out at least thirty feet in width, it should be left to the commissioners appointed by the judge to say where the width of the road should be increased?

Unless the authority to widen applies to cases of this kind, it would be a dead letter, and it is only by an interpretation such

as I seek to give it that renders it of any force or effect. The statutes must be taken together and the two reconciled, if possible.

Rule discharged, petition dismissed and th'e return confirmed.